Opinion issued July 6, 2007








 






In The

Court of Appeals

For The

First District of Texas






NO. 01-06-00493-CR






ZIMBALISH ANTHONY SEGURA, Appellant


V.


THE STATE OF TEXAS, Appellee






On Appeal from the 10th District Court

Galveston County, Texas

Trial Court Cause No. 05CR1436






MEMORANDUM OPINION


 A jury convicted appellant, Zimbalish Anthony Segura, of aggravated sexual
assault of a child and, having pleaded true to the enhancement paragraph alleging a
prior conviction for "Possession of a Firearm or Carrying Concealed Weapon by a
Person Convicted of Certain Felonies" in Louisiana, he was sentenced to 25 years'
confinement. See Tex. Pen. Code Ann. § 22.021 (Vernon 2003). On appeal,
appellant contends that (1) the State's improper voir dire deprived him of his due
process rights and (2) the evidence is factually insufficient to sustain his conviction. 
We affirm. 

Background

 On May 22, 2005, the 13-year-old complainant was getting ready to go to the
pool with appellant, who was her grandmother's live-in boyfriend. The complainant
covered the two-piece swimsuit that she was wearing with a shirt and shorts, at which
time appellant told her not to cover up all the way and that she "should let it all hang
out." She testified that appellant then told her to lie on the bed, he pulled the bottom
of her swimsuit to the side, and "opened [her] private part and told [her she] was too
mature to only be 13, that he had seen older women and they didn't have the things
that [she] had." The complainant clarified that, when she stated that appellant
"opened up" her "private part," she meant that he put his fingers inside of her. On
cross-examination, the complainant testified that she did not yell, scream, or seek any
help at the time of the alleged assault. She stated that she was scared to tell her
grandmother what had happened. Three days later, however, she did tell her best
friend's mother, Chell Marie Suchanek. 

 Suchanek, the outcry witness, testified that, as she was getting ready for a night
out with her friends, she overheard the complainant, who was visiting her daughter,
crying. The complainant told Suchanek that appellant had placed his fingers in her
vagina, and she asked Suchanek not to tell anyone what had happened. While she did
not immediately notify the police or take the complainant to the hospital for medical
treatment, Suchanek did tell the complainant's mother about the alleged assault later
that night, after Suchanek returned home from her night out. On cross-examination,
Suchanek admitted that she had previously been convicted of making a false
statement to police. 

 The complainant's mother contacted police after Suchanek informed her of the
assault. Nine days after the assault, a Galveston police officer interviewed the
complainant, and, two days later, a medical exam was conducted. No forensic kit was
used during the medical exam. The nurse conducting the exam testified that the
results were normal, meaning that there were no signs of injuries to the complainant's
genitals such as redness, swelling, bruising, or scarring. The nurse further testified
that this result was not uncommon because genitals heal quickly. That is, where a
medical exam is not conducted within a day or two of the assault, the body frequently
is able to heal itself before the exam is conducted. 

Voir Dire

 Appellant first argues that the State's improper voir dire deprived him of his
due process right to be convicted by proof beyond a reasonable doubt. Specifically,
he argues that the prosecutor's questions, concerning whether the individual venire
members could reach a guilty verdict based solely on the testimony of one witness,
impermissibly lowered the standard of proof. Appellant, however, has waived this
argument.

 To preserve a complaint for appellate review, a party must have presented to
the trial court a timely request, objection, or motion stating the specific grounds for
the ruling desired. Tex. R. App. P. 33.1(a). It is well-established that, almost every
right, constitutional and statutory, may be waived by failing to object. See Smith v.
State, 721 S.W.2d 844, 855 (Tex. Crim. App. 1986); see also Blackwell v. State, 193
S.W.3d 1, 20 (Tex. App.--Houston [1st Dist.] 2006, pet. ref'd) (holding that voir dire
complaints were waived where appellant failed to object to questions at trial). Absent
fundamental error, we cannot reverse on grounds of which the trial court was not
made aware. See Boler v. State, 177 S.W.2d 366, 373 (Tex. App.--Houston [1st
Dist.] 2005, pet. ref'd). 

 During voir dire, the State asked the venire members whether they could follow
the law that allows a jury to convict on the testimony of one witness that has
established all of the elements of the offense beyond a reasonable doubt. In some
form, this question was generally asked of the entire venire panel no fewer than 13
times and, additionally, was put to each individual venire member. The State
proceeded in this fashion for nearly 20 pages of the record before a single objection
was made by defense counsel. (1) Because no timely objection to the State's voir dire
questions was made in the trial court, nothing is presented for our review. See Tex.
R. App. P. 33.1(a); see also Blackwell, 196 S.W.3d at 20.

 Accordingly, we overrule appellant's first issue. 

Sufficiency of the Evidence

 Appellant next argues that the evidence was factually insufficient to sustain his
conviction for aggravated sexual assault. Specifically, appellant argues that, because
the uncorroborated testimony of an alleged child victim is factually insufficient to
sustain a guilty verdict, his conviction should be reversed. We disagree.

Standard of Review

 When conducting a factual-sufficiency review, we view all of the evidence in
a neutral light. Cain v. State, 958 S.W.2d 404, 408 (Tex. Crim. App. 1997). We will
set the verdict aside only if (1) the evidence is so weak that the verdict is clearly
wrong and manifestly unjust or (2) the conflicting evidence is against the great weight
and preponderance of the evidence. Johnson, 23 S.W.3d at 11. Under the first prong
of Johnson, we cannot conclude that a conviction is "clearly wrong" or "manifestly
unjust" simply because, on the quantum of evidence admitted, we would have voted
to acquit had we been on the jury. Watson v. State, 204 S.W.3d 404, 417 (Tex. Crim.
App. 2006). Under the second prong of Johnson, we cannot declare that a conflict
in the evidence justifies a new trial simply because we disagree with the jury's
resolution of that conflict. Id. Before finding that evidence is factually insufficient
to support a verdict under the second prong of Johnson, we must be able to say, with
some objective basis in the record, that the great weight and preponderance of the
evidence contradicts the jury's verdict. Id. In our factual-sufficiency review, we
must also discuss the evidence that, according to appellant, most undermines the
jury's verdict. See Sims v. State, 99 S.W.3d 600, 603 (Tex. Crim. App. 2003). 

 We may not re-weigh the evidence and substitute our judgment for that of the
fact-finder. King v. State, 29 S.W.3d 556, 562 (Tex. Crim. App. 2000). The fact-finder alone determines the weight to be given contradictory testimonial evidence
because that determination depends on the fact-finder's evaluation of credibility and
demeanor. Cain, 958 S.W.2d at 408-09. As the determiner of the credibility of the
witnesses, the fact-finder may choose to believe all, some, or none of the testimony
presented. Id. at 407 n.5. 

Analysis

 The indictment charging appellant with the aggravated sexual assault of a child
alleges that appellant "intentionally or knowingly cause[d] the penetration of the
sexual organ of [the complainant], a child who was [ ] younger than 14 years of age
and not the spouse of the defendant, by the finger of the said ZIMBALISH
ANTHONY SEGURA." Article 38.07 of the Texas Code of Criminal Procedure
provides that a conviction for aggravated sexual assault of a child "is supportable on
the uncorroborated testimony of the victim of the sexual offense if the victim
informed any person, other than the defendant, of the alleged offense within one year
after the date on which the offense is alleged to have occurred." Tex. Code Crim.
Proc. Ann. art. 38.07(a) (Vernon 2005). Where the victim of the alleged offense was
a person 17 years of age or younger, as is the case here, "the requirement that the
victim inform another person of an alleged offense does not apply." Id. art.
38.07(b)(1); Carty v. State, 178 S.W.3d 297, 303 (Tex. App.--Houston [1st Dist.]
2005, pet. ref'd) (noting that testimony of child victim standing alone was factually
sufficient to support conviction for sexual assault). 

 The evidence viewed in a neutral light shows that the complainant testified that
appellant "opened [her] private part" by inserting his fingers into her vagina. Because
the testimony of a child victim, standing alone, is factually sufficient to support a
guilty verdict, it cannot be said that the jury's verdict was clearly wrong or manifestly
unjust. See Carty, 178 S.W.3d at 303. In addition, as evidence contrary to the guilty
verdict, appellant relies on (1) the lack of any physical injury to the complainant's
genitals and (2) the admission of the State's outcry witness, Suchanek, to having been
previously convicted of making a false statement to police. In light of the nurse's
testimony that it was not uncommon to find no physical injury in sexual assault cases
where more than one or two days pass between the assault and the examination, it
cannot be said that the absence of any physical injury greatly outweighed the
complainant's testimony or rendered the verdict clearly wrong or manifestly unjust. 
Similarly, Suchanek's prior conviction for making a false statement does not greatly
outweigh the complainant's testimony or render the verdict clearly wrong or
manifestly unjust. Therefore, we hold that the evidence was factually sufficient to
sustain appellant's conviction. 

 Accordingly, we overrule appellant's second issue. 

Conclusion

 We affirm the judgment of the trial court. 



 George C. Hanks, Jr.

 Justice


Panel consists of Justices Nuchia, Hanks, and Bland.

Do not publish. Tex. R. App. P. 47.4.
1. Specifically, defense counsel objected that "[the State was] asking for a commitment on what
[it] has put on. . . . [the State] is asking them to commit and say, 'Hey, if you don't believe
my girl, will you ask me to put on more?' . . ."